Case 2:23-cv-00253-MPB-MJD   Document 1   Filed 05/25/23   Page 1 of 5 PageID #: 1

**FILED**
**05/25/2023**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

IN THE UNITED STATES DISTRICT COURT

OF THE

SOUTHERN DISTRICT OF INDIANA

CRAIG ALAN TOAZ                                     CIVIL ACTION
   PETITIONER

                                                     2:23-cv-253-MPB-MJD

   v.

WARDEN TERRE HAUTE CAMP
   RESPONDENT

---

EMERGENCY MOTION FOR IMMEDIATE
RELEASE FROM CUSTODY PURSUANT TO
28 USC §2241

---

COMES NOW, Petitioner, Craig A. Toaz, acting Pro Se, respectfully, moves this Court for Court for an order for his immediate release from Federal Custody because he is being unlawfully detained based on the Federal Bureau of Prisons (BOP) failure to award him his First Step Act (FSA) Good time credits, which has been recently determined that he is eligible for.

    More importantly, Mr. Toaz has accumulated over 1,470 days of FSA Credits which of 365 days are to be applied to his sentence, where another 340 days would be applied to his Home Confinement.

Therefore, Mr. Toaz is eligible for immediate release from custody to Home Confinement as of this date.

1

JURISDICTION

A Federal prisoner may challenge the execution or duration of his sentence under 28 USC 2241 after exhaustion of Administrative Remedies. See Walker v. O'Brien, 216 f3d 626, 624 (7th Cir. 2000). Here, Mr. Toaz seeks to challenge THE duration of his sentence based on the FSA Good Time Credits which he has earned that the BOP has failed to calculate as of this date. Therefore, this Court has the proper Jurisdiction to review this case. [1]

DISCUSSION

Almost 25 years ago, Mr. Toaz was convicted of a drug conspiracy to distribute methamphetamine. During sentencing the Court stated that Mr. Toaz played a leadership role in the conspiracy. Subsequently, Mr. Toaz originally received a life sentence. However, in 2016, the District Court re-sentenced Mr. Toaz to 30 years based on Sentencing Guidelines' Amendment 782 minus -2.

In 2018, Congress passed the First Step Act of 2018 which allowed for extra good time based on a prisoner's completion of qualified programming and/or work assignment. However, Congress did designate certain offenses as being disqualifying from earning FSA Good Time Credits. Specifically, 18 USC §3621(d) provides an extensive list which does include anyone convicted for a controlled substance offense pursuant to 21 USC §841(a)(1) and had a leadership role attached to that offense would be disqualified from earning FSA credits. <u>However, Congress did not designate a leadership role in a drug conspiracy under 21 USC §846 as a disqualifying offense.</u>

FOOTNOTE:

(1) Terre Haute Camp did not have the proper 28 USC §2241 forms, therefore, Petitioner submitted his motion without the standard 2241 form.

2

After years of being told by his Unit Team that he was ineligible to receive FSA credits, Mr. Toaz on March 8, 2023, submitted an Administrative Remedy to the Warden at FCI Allenwood-Low in Pennsylvania challenging his ineligibility for FSA Good Time Credits. In the Warden's response, Warden Thompson agreed with Mr. Toaz that he was actually eligible to receive FSA credits (See BP-9 and the Warden's response dated March 15, 2023). The decision to grant Mr. Toaz' Administrative Remedy was based on two recent District Court rulings which includes Turner v. Warden R.D. Keys, 2022 US Dist. LEXIS 215386 (W.D. Nov. 28, 2022) which clearly held that a drug conspiracy is not a disqualifying offense, and only the substantive offense would disqualify a prisoner from receiving FSA credits.

More importantly here, Mr. Toaz has always been eligible to receive FSA credits as according to the way Congress wrote the §3636(d) statute. For Mr. Toaz' Unit Team to determine that he was previously ineligible was a clear misinterpretation by BOP staff in regards to the §3632(d) statute. If Mr. Toaz would have received his FSA credits that he had earned from the start of the First Step Act, he would have been eligible to be released to the half-way house in September of 2022, since he has currently been approved for 12 month placement in RRC.

Mr. Toaz' current sentencing computation, however, still states that he is ineligible for FSA Good Time Credits, even though, the Warden at FCI Allenwood-Low determined that he is, indeed, eligible for FSA credits.

See current Sentencing Computation Data, which states that he has a current release date of September 14, 2024.

However, Mr. Toaz' current FSA Time Credits Assessment shows that he has

3

currently accrued 1,472 days of FSA Credits with 365 days to be applied to his release date, with another 340 days to be applied to Home Confinement.
Accordingly, when you properly calculate all of Mr. Toaz' earned FSA credits, his release date would become September 14, 2023 with a mandatory 6 months of Home Confinement which Mr. Toaz is currently well past his mandatory Home Confinement date.

Therefore, every day that Mr. Toaz is being held in custody, he is being unlawfully detained by the BOP based on Congress's enactment of the First Step Act of 2018.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

On March 8, 2023, Petitioner submitted a BP-9 to the Warden at FCI Allenwood-Low, in which he challenged his ineligibility to earn FSA Good Time credits.
On March 15, 2023, Warden R. Thompson granted Petitioner's request for relief IN IT'S ENTIRETY.

The Warden's response held that "Time Credits; Procedures For Implementation of 18 USC 3632(d)(4), you (Mr. Toaz) are eligible to earn Federal Time Credits, as none of your instant offense codes are classified as a disqualifying offense for earned Time Credits under the First Step Act".
Because the Warden granted Mr. Toaz' Administrative Remedy in his favor at the BP-9 stage, he has fully exhausted his Administrative Remedies in their entirety. (See attached BP-9 and response).

4

## CONCLUSION

Mr. Toaz is clearly being unlawfully detained by the Federal Bureau of Prisons failure to properly calculate his First Step Act of 2018 Good Time Credits. Everyday in which Mr. Toaz is not released to Home Confinement constitutes a clear case of False Imprisonment.

For the reasons set forth above, Petitioner respectfully moves this Court to order the BOP to immediately calculate his FSA Good Time Credits, and further, to release him to Home Confinement.

Respectfully submitted,

Date: May 22, 2023

Craig Alan Toaz, Pro Se
Reg. No. 07990-040
P.O. Box 33
Terre Haute, IN 47808

## Short Appendix

A) Administrative Remedy and Warden Response

B) FSA Time Credit Assessment

C) Sentencing Monitoring Computation Data as of 5-11-2-23